IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-CV-01229

| | |
|---|---|
| ANDRE FLOYD CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAKE FOREST UNIVERSITY | ) |
| BAPTIST MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, by and through his undersigned counsel, pursuant to Rule 15(a) of the Rules of Civil Procedure, respectfully moves the Court for leave to file an Amended Complaint in the above-referenced matter to allege a cause of action under 42 U.S.C. § 1981. In support of said motion, the Plaintiff shows the court the following:

1. Allowing the motion to file the Amended Complaint to add a cause of action arising under to add a 42 U.S.C. §1981 will not result in any prejudice to the Defendant because the standards for proof for race discrimination and racial harassment are the same under of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1981.

2. This motion is not made for any improper purpose or delay.

4. Plaintiff respectfully prays that leave be granted to file the Amended Complaint, a copy of which is attached to this motion.

This 30th day of July, 2021.

s/ Geraldine Sumter
N.C. Bar No: 11107
Chandler Bryant
N.C. Bar No. 55058
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
E-mail: gsumter@fergusonsumter.com
E-mail: cbryant@fergusonsumter.com

Attorneys for Plaintiff

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant:

> Kristine M. Sims
> Constangy, Brooks, Smith & Prophete, LLP
> 100 North Cherry Street, Suite 300
> Winston-Salem, North Carolina 27101
> Telephone:   (336) 721-1001
> Facsimile:   (336) 748-9112
> Email: **ksims@constangy.com**

This 30th day of July, 2021.

> s/ Geraldine Sumter
> N.C. Bar No. 11107
> Chandler Bryant
> N.C. Bar No. 55058
> Ferguson Chambers & Sumter, P.A.
> 309 East Morehead Street, Suite 110
> Charlotte, North Carolina 28202
> Telephone:  (704) 375-8461
> Facsimile:  (980) 938-4867
> E-mail:  gsumter@fergusonsumter.com
> E-mail:  cbryant@fergusonsumter.com
>
> Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:19-cv-01229-LCB-LPA

| | |
|---|---|
| ANDRE FLOYD CHAMBERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAKE FOREST UNIVERSITY )<br>BAPTIST MEDICAL CENTER. )<br>_____) | **PROPOSED AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§1981").

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding to enforce rights and remedies secured under Title VII and § 1981. Jurisdiction is also conferred upon this Court by 42 U.S.C. § 2000(3), et seq. and 28 U.S.C. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of Defendant complained of herein which violated rights secured to the Plaintiff by Title VII and § 1981.

## II. PARTIES

4. Andre Floyd Chambers is an African-American male resident of Greensboro, Guilford County, North Carolina.

5. Defendant Wake Forest University Baptist Medical Center provides health care services and is an employer within the meaning of Title VII and Section 1981.

## III. FACTS

6. Plaintiff contacted the EEOC in December, 2018 to file a charge of discrimination. He was employed by Defendant in its Care Coordination Unit in the Department of Emergency Medicine as a social worker in August of 2015. He performed his duties satisfactorily and was recognized for his work by his peers and others. The EEOC case was based on Wake Forest University Baptist Medical Center's Department of Care Coordination administrators and direct supervisor/department manager, Linda Childers' history of discriminatory hiring and promoting practices at Wake Forest University Baptist Medical Center. Ms. Childers, a white female, has a history of passing over highly qualified internal candidates for promotions, especially in administrative positions and hiring when candidates are African American/African American males. Ms. Childers instead has chosen white candidates with less experience and qualifications. In this particular case, the plaintiff had more experience for the position in question than all of the candidates that Wake Forest University Baptist Medical Center extended an offer to for the position of Emergency Department Supervisor.

7. The plaintiff applied for a promotion for Care Coordination Emergency Department Supervisor in June 2018, which was recommended to the plaintiff by the outgoing Emergency Department Supervisor and other hospital employees. Prior to applying for the promotion, Ms. Childers and other department administrators felt comfortable enough to give the plaintiff various supervisory duties throughout his tenure at the hospital, including taking part in the hiring and training of new/other employees for similar supervisory roles. The plaintiff was not given compensation for these extra duties and other employees of similar position were not expected to perform these duties in the same way as the plaintiff.

8. In addition to racially biased promoting, Ms. Childers handled HR issues and

employee related concerns with other white employees vastly different from the manner she handled complaints from the plaintiff when it required her involvement, especially in regard to the topic of race. Ms. Childers' and the Department of Care-Coordination's discriminatory conduct and abuse of power with regard to the plaintiff was detrimental to the plaintiff's mental and emotional wellbeing, professional character and advancement within the hospital. Ms. Childers, the Department of Care Coordination and the Department of Employee Relationstook charge of investigating allegations made against the plaintiff pertaining to workplace violence within the hospital. This matter of workplace violence within the hospital and other investigations and concerns regarding the plaintiff were shut down/dismissed without administrative/HR resolution/intervention. Ms. Childers and the Department of Care Coordination administrators were aware that the allegations against the plaintiff were made falsely with intent to defame the plaintiff and to conspire the firing of the plaintiff. The failure on the part of Ms. Childers, the Department of Care Coordination and the Department of Employee Relations to provide equal treatment of the plaintiff's concerns/investigations to that of his white counterparts left the plaintiff to work in a hostile work environment that was reinforced by administrative discriminatory practices. In the past, Ms. Childers and the Department of Care Coordination have demonstrated the ability to follow hospital policy and provide appropriate support and follow-up in these matters when they involve white employees. This unequal treatment of the plaintiff demonstrates a discriminatory bias when compared with the resolution of concerns/investigations put forth by his white counterparts.

9. At the plaintiff's annual performance review meeting, which is used for hiring and promotions, Ms. Childers made disparaging remarks towards the plaintiff which included comments about his race and physique as being a problematic factor to being promoted within Wake Forest University Baptist Medical Center. Ms. Childers actively discouraged the plaintiff from engaging in

3

professional development activities that would make him competitive for the promotion or advancing within Wake Forest University Baptist Medical Center. Ms. Childers also accused the plaintiff of lying about accomplishments that he achieved which highlighted his leadership and work in the Department of Care Coordination.

10. Internal investigations into discrimination practices and other concerns experienced by the plaintiff were initiated by Cathleen Wheatley, Chief Nurse Executive and Senior Vice-President, Clinical Operations. These investigations highlighted the awareness of discriminatory practices by the Department of Care Coordination administrators, employees and the Department of Employee Relations. The plaintiff's discrimination investigation was overseen by Employee Relations representatives Catherine McMath, Senior Employee Relations Consultant, and Tonya Robinson, Senior Employee Relations Consultant. During this investigation, the plaintiff was told by both Ms. McMath and Ms. Robinson that there is no fair treatment in resolving discriminatory practices or concerns experienced by the plaintiff. The plaintiff made all levels of leadership aware of the discrimination that he experienced in the Department of Care Coordination, including President Julie Freischlag, Wake Forest Baptist University Medical Center CEO.

11. As a result of the plaintiff reporting the experience of discrimination to HR/Employee Relations, Ms. Childers and other Care Coordination Department employees began to retaliate against the plaintiff. The plaintiff was forced to work shifts alone after another co-worker left the department in October, 2018. Ms. Childers and other Care Coordination administrators made no effort to assign or reorganize PRN/part-time employees or shift full-time employees to support the plaintiff during these shifts even though this was requested multiple times. Prior to the plaintiff's report of discrimination to HR, there were 2-3 people working each shift.

12. After the report of discrimination, where the plaintiff was working alone for several

months, the opposite shifts remained with 2-3 employees at all times. While working alone, the plaintiff did often have to ask Ms. Childers for assistance with matters pertaining to the job. Many times, she would not answer her phone at all or respond to any emails requesting support. However, when white co-workers called or emailed her, she gave immediate and supportive responses.

13. After the EEOC complaint was filed in December, 2018, the retaliation increased as the Department of Care Coordination administrators, including Ms. Childers, frequently began to target particular cases that the plaintiff worked with in order to look for any wrongdoing. Essentially, the plaintiff was held to a much different standard than all of his other co-workers and other hospital employees. Additionally, once a new supervisor was finally selected, the plaintiff was told that he would have to train this person. When the plaintiff declined to take on this responsibility, he received a reproachful email in which the Care Coordination Director, Kurt Mustamma, reprimanded him for this despite the fact that training employees is not listed as a part of the plaintiff's job description.

14. The workplace became much more hostile and the plaintiff applied for a lateral position outside of the Department of Care Coordination with the Psychiatry Department as an effort to stop the aggression and noted concerns experienced by the plaintiff from Ms. Childers and Department Care Coordination administrators. The Care Coordination Department attempted multiple times to block the plaintiff from getting the psychiatric transfer coordinator position, despite the fact that the Psychiatry Department wanted to interview and hire the plaintiff. This was done by falsely reporting that there were negative entries in Plaintiff's personnel file.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION - RACE DISCRIMINATION

15. Plaintiff realleges paragraphs 1 through 14 above.

5

16. Defendant's actions as enumerated in paragraphs 1 through 14 above constitute race discrimination. Plaintiff was treated differently than similarly situated white employees who were accused of similar conduct. Defendant's actions violate Title VII and Section 1981 of the Civil Rights Act of 1866.

17. As a result of Defendant's actions, Plaintiff suffered emotional distress.

## SECOND CAUSE OF ACTION - HOSTILE WORK ENVIRONMENT

18. Plaintiff realleges paragraphs 1 through 17 above.

19. Defendant's actions as enumerated in paragraphs 1 through 14 above constitute race discrimination. Plaintiff was treated differently than similarly situated white employees who were accused of similar conduct. Defendant's actions violate Title VII and Section 1981 of the Civil Rights Act of 1866.

20. The actions of Defendant were severe and pervasive and altered the terms and conditions of his employment. Defendant's actions constitute discrimination based on harassment by his co-workers and superiors and violate Title VII and Section 1981.

21. As a result of Defendant's actions, Plaintiff suffered emotional distress.

## THIRD CAUSE OF ACTION - RETALIATION

22. Plaintiff realleges paragraphs 1 through 21 above.

23. As a result of Plaintiff complaining to his managers and human resources about discriminatory treatment, he began to experience additional harassment and retaliation. Plaintiff was denied a promotion as a result of the retaliation. But for Plaintiff's engagement in protected

activity, Plaintiff would not have been denied the position of supervisor of the Care Coordination Unit.

24. Defendant's actions constitute retaliation under Section 1981 of the Civil Rights Act of 1866.

25. As a result of Plaintiff's actions, Plaintiff suffered emotional distress.

## FOURTH CAUSE OF ACTION – SEX DISCRIMINATION

26. Plaintiff realleges paragraphs 1 through 25 above.

27. Defendant's actions as enumerated in paragraphs 1 through 14 above constitute sex discrimination. Plaintiff was treated differently than similarly situated female employees who were accused of similar conduct. Defendant's actions violate Title VII.

28. As a result of Defendant's actions, Plaintiff suffered emotional distress.

## V. JURY TRIAL DEMAND

29. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination, racially hostile work environment and retaliation be remedied in full and that the court, after a jury trial:

    a. Declare the actions complained of herein to be illegal;

    b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other

employment practice shown to be in violation of Title VII and Section 1981 and the common law of the State of North Carolina;

c.  Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d.  Award Plaintiff compensatory damages to which he is entitled for the violation of the common law of the State of North Carolina.

e.  Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.  Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 30th day of July, 2021.

/s/ *Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff

8

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Proposed Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant:

>Gerard M. Clodomir
>E:mail: gclodomir@constangy.com
>Kristine M. Sims, NC State Bar No. 26903
>Email: ksims@constangy.com
>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
>100 North Cherry Street, Suite 300
>Winston-Salem, NC 27101
>Telephone: 336-721-1001
>Facsimile: 336-748-9112
>
>*Attorney for Defendant Wake Forest University Baptist Medical Center*

This 30th day of July, 2021.

>/s/ Geraldine Sumter
>N.C. Bar No. 11107
>Ferguson Chambers & Sumter, P.A.
>309 East Morehead Street, Suite 110
>Charlotte, North Carolina 28202
>Telephone: (704) 375-8461
>Facsimile: (980) 938-4867
>E-mail: gsumter@fergusonsumter.com
>
>Attorney for Plaintiff

9