IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDRE FLOYD CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-1229 |
| | ) | |
| WAKE FOREST UNIVERSITY | ) | |
| BAPTIST MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 26). Plaintiff initiated this action suit on December 17, 2019, alleging Race and Sex Discrimination, Retaliation, and Maintenance of a Hostile Work Environment against his employer in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1.) Though Plaintiff was initially pro se, on August 3, 2020, counsel filed Notice of Appearance on behalf of Plaintiff. (ECF No. 14.)

On May 22, 2020, the Court approved a Joint Rule 26(f) Report. (ECF No. 9.) Under this Order, discovery closed on January 15, 2021, and Plaintiff had until June 15, 2021, to amend his Complaint. (*Id.* at 2, 4.) By Text Order dated April 13, 2021, the Court extended the dates of the filing of dispositive motions by the parties to June 30, 2021. On June 30, 2021, Defendant filed its Motion for Summary Judgment.[1] (ECF No. 23.)

---

[1] Defendant's motion will be resolved by the Court under separate Order.

On July 30, 2021, nearly a month and a half outside of the deadline for filing amended pleadings provided in the May 22 scheduling order, Plaintiff filed the present motion seeking to amend his complaint by adding claims for Race Discrimination, Retaliation, and a Hostile Work Environment pursuant to 42 U.S.C. § 1981. (ECF No. 26. at 1, 5–7.) In his supporting Memorandum of Law, Plaintiff argues that his motion should be granted because adding Section 1981 claims to his Title VII claims will not prejudice Defendant. (ECF No. 27 at 1–3.) Defendant responds that Plaintiff has not shown good cause why the Court should not adhere to the dates specified in the scheduling order. (ECF No. 30 at 5–8 (citing Fed. R. Civ. P. 16.) Plaintiff failed to reply to Defendant's response.

## DISCUSSION

A district court must issue a scheduling order after receiving the parties' Joint Rule 26(f) Report, to include a limit on the time to join parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)(A), (3)(A). Such a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, a party seeking to amend a pleading after expiration of the relevant deadline must show good cause. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). In assessing good cause, "the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 Fed App'x 156, 162 (4th Cir. 2006). In seeking leave to amend, the "movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)).

2

Here, Plaintiff provided no explanation for the tardiness of the motion, and further has failed to argue that his proposed amendment is supported by good cause, and none is apparent in the record. Plaintiff, therefore, having failed to satisfy his burden of demonstrating good cause, precludes the Court from making a finding of good cause to support a modification of the deadline imposed by the May 22 scheduling order.

Further, while the Court need not address Plaintiff's arguments that Defendant will not be prejudiced by allowing his proposed Amended Complaint, the Court notes that allowing new claims to be introduced at this late stage in the proceedings could require the parties to reopen discovery, file new dispositive motions, or change strategies for trial which is now scheduled for January 4, 2022.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

This, the 1st day of November 2021.

/s/ Loretta C. Biggs
United States District Judge